**Kim Sugawa-Fujinaga, OSB # 054685**
kims@mcewengisvold.com
McEwen Gisvold LLP
1100 SW Sixth Ave, Suite 1600
Portland, OR  97204
(503) 226-7321 Tel
(503) 243-2687 Fax

Of Attorneys for  Debtor

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Wurdinger Holdings, Inc.,<br><br>    Debtor. | Case No**.** 13-33225-elp11 |
| WURDINGER HOLDINGS, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>HAMILTON METALS, INC., an Oregon corporation, and<br><br>DERRALD L. WISE, an individual doing business as ALTAMONT AUTO WRECKING, an assumed business name,<br><br>    Defendants. | Adv. Proc. No.  _____<br><br>COMPLAINT (Injunctive Relief) |

### COMPLAINT BY DEBTOR FOR INJUNCTIVE RELIEF

   Wurdinger Holdings, Inc., an Oregon corporation, is Debtor and Debtor-in-Possession

in the above-captioned case, (hereinafter "Debtor" or "Plaintiff").  Debtor, by this Complaint,

seeks injunctive relief to prohibit Defendant Hamilton Metals, Inc. ("Hamilton") and

Page  1 – **COMPLAINT (Injunctive Relief)**

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon  97204
Telephone (503) 226-7321
Facsimile  (503) 243-2687
rays@mcewengisvold.com

Defendants Derrald L. Wise ("Wise") and Altamont Auto Wrecking ("Altamont"), from engaging in collection efforts against Debtor and Dale Wurdinger in state court or any other forum. Debtor, by this Complaint, also seeks to enjoin Defendants from taking any action whatsoever to obtain possession or control of the assets of Dale Wurdinger to satisfy or pay down any of Debtor's outstanding indebtedness to any such creditor.

In support of this Complaint, Debtor alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1.    The Court has jurisdiction over this matter pursuant to 28 USC §§157 and 1334(b). This action is a core proceeding pursuant to 28 USC §157(b)(2)(A). This action may also be heard within the Court's non-core jurisdiction, as a matter "otherwise related to a case under Title 11," pursuant to 28 USC § 157(c)(1).

2.    Venue is proper in this district under 28 USC § 1409.

3.    The proceeding has been brought in accordance with 11 USC §§ 105(a), and Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure.

4.    Debtor is an Oregon corporation headquartered in Aurora, Oregon. Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code on May 21, 2013 (the "Petition Date").

5.    Dale Wurdinger ("Wurdinger") is an individual residing in Salem, Oregon. Mr. Wurdinger is the only shareholder and owns 100% of the stockholder interest in Debtor.

## BACKGROUND FACTS (HAMILTON METALS, INC.)

6.    Plaintiff incorporates herein and re-alleges the allegations above.

7.    Defendant Hamilton Metals, Inc. is an Oregon corporation with its principal place of business in Klamath Falls, Oregon.

8.    Debtor is engaged in scrap metal recycling and sales. Mr. Wurdinger has guaranteed and assumed co-debtor liability for a material amount of Debtor's obligations.

Page  2 – **COMPLAINT (Injunctive Relief)**

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon  97204
Telephone (503) 226-7321
Facsimile  (503) 243-2687
rays@mcewengisvold.com

9.      On November 13, 2013, Hamilton filed a complaint against Debtor and Mr. Wurdinger in the Klamath County Circuit Court for Breach of Contract, Account Stated Quantum Meruit, and Violations of ORS 648.007, which was served on Mr. Wurdinger on or about November 29, 2012.  This complaint relates to a claim for money owed under an account to Hamilton for scrap metal in the amount of $41,724.00.  Hamilton also claimed storage for Debtor's equipment at $11,000.00  That account due was unsecured.  Hamilton's prayer in the Complaint is for $53,224 at 9% statutory interest.

10.      On or about February 20, 2013, Hamilton entered into a settlement agreement with Debtor and Mr. Wurdinger.  Between February 20, 2013 and the Petition Date, Hamilton received $9,000 in payment from Debtor under the settlement agreement.

## BACKGROUND FACTS (ALTAMONT AUTO WRECKING)

11.      Plaintiff incorporates herein and re-alleges the allegations above.

12.      Altamont is an assumed business name registered with the Oregon Secretary of State with its principal place of business in Klamath County, Oregon.  Upon information and belief, Mr. Wise is a resident of Klamath Falls, Oregon.  Collectively, Altamont and Mr. Wise are referred herein as the "Altamont Defendants."

13.      The Altamont Defendants are also engaged in the scrap metal recycling business. On April 2, 2013, the Altamont Defendants filed a complaint against Debtor and Mr. Wurdinger in the Klamath County Circuit Court for Statutory Damages for Failure to File an Assumed Business Name, Breach of Contract, Account Stated and Violations of ORS 648.007, which was served on Debtor and Mr. Wurdinger on or about April 11, 2013.  This complaint relates to a claim for money owed under an account to the Altamont Defendants for scrap metal in the amount of $23.635.00.  That account due was unsecured.  The Altamont Defendants' prayer in the Complaint is for $24,135.  The Altamont Defendants obtained a default judgment against Mr. Wurdinger on or about June 21, 2013.

Page  3 – **COMPLAINT (Injunctive Relief)**

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon  97204
Telephone (503) 226-7321
Facsimile  (503) 243-2687
rays@mcewengisvold.com

14.     On or about June 25, 2013, Mr. Wurdinger received multiple letters from Bank of America, Wells Fargo, Chase, and U.S. Bank informing him that writs of garnishments had been issued.  The Altamont Defendants obtained approximately $200 from the accounts of Mr. Wurdinger's minor daughters.  Because the accounts are for the benefits of his minor children, Mr. Wurdinger's name is associated with the account.

## INJUNCTION FOR INTERFERENCE WITH DEBTOR'S
## REORGANIZATION EFFORTS

15.     Plaintiff incorporates herein and re-alleges the allegations above.

16.     The Debtor's objective is to propose a confirmable plan under which all creditors will be paid in full, or otherwise rehabilitate the Debtor's business consistent with applicable legal standards.

17.     Mr. Wurdinger's complete and total commitment of his time and attention is essential to the Debtor's ongoing operations and efforts to reorganize and rehabilitate the business.  Requiring Mr. Wurdinger to defend claims asserted against him personally to collect obligations that were originally owed or owed by Debtor during the Bankruptcy case would both interfere with and irreparably impair Debtor's ability to reorganize.

18.     If Mr. Wurdinger is forced to spend time and his personal funds defending against multiple attempts to collect Debtor's obligations that he has guaranteed, been sued upon or co-signed as debtor for, his ability to make loans to Debtor or capital contributions to pay operating expenses will be severely limited.  Mr. Wurdinger has already provided security to the Debtor's vendors to maintain operations.   Debtor anticipates needing further contributions as necessary.  The collection efforts by Defendants against Mr. Wurdinger will interfere with Mr. Wurdinger's ability to loan money to or liquidate personal assets for the Debtor, if Defendants' efforts are not enjoined.

Page  4 – **COMPLAINT (Injunctive Relief)**

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
Facsimile  (503) 243-2687
rays@mcewengisvold.com

19.     The loans or capital contributions which Mr. Wurdinger has made and is committed to make in the future are absolutely essential to Debtor's successful reorganization. Without Mr. Wurdinger's funds and assets, there will not be enough money to pay Debtor's ongoing operating expenses.   Moreover, Mr. Wurdinger's guarantees or security through personal assets will probably be required for the Debtor to obtain post-petition financing.

20.     The pending lawsuits and garnishments by Defendants against Mr. Wurdinger is also a substantial distraction to Mr. Wurdinger.   Because of Mr. Wurdinger's specialized experience with Debtor, in the development, operation, and ownership interest in the company, his participation free of distractions and emotional upheaval is essential to the success of the Debtor's Plan of Reorganization.

21.     Under 11 USC § 105(a), this Court has the power to enjoin Defendant, and any of Debtor's creditors that have personal guarantees from Mr. Wurdinger or listed him as a co-debtor, from pursuing Mr. Wurdinger in state court actions or other proceedings, and from pursuing other collection efforts.

22.     Unless enjoined, Defendant's conduct will irreparably harm Debtor, not only by eliminating a significant source of capital for ongoing business operations and jeopardizing other financing, but also because it will divert Mr. Wurdinger's attention, time, and resources from managing the Debtor during the reorganization process.

23.     Debtor will file a Plan of Reorganization in a few months.   There is a reasonable likelihood of successful reorganization, provided Debtor is able to receive the funds and attention of Mr. Wurdinger.

24.     If Defendants are allowed to continue with their current course of conduct, the reorganization will be in jeopardy.   If the reorganization fails, Defendants will likely not collect much from Mr. Wurdinger individually because Mr. Wurdinger is a guarantor of significant bank debt that exceeds his personal assets.   The potential harm to the Debtor and

Page  5 – **COMPLAINT (Injunctive Relief)**

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon  97204
Telephone (503) 226-7321
Facsimile  (503) 243-2687
rays@mcewengisvold.com

other creditors from not enjoining the collection efforts far outweighs the potential harm to Defendants.

25.     Furthermore, Defendants have already obtained money from Debtor for pre-petition debt.  Hamilton received $9,000.00 from the Debtor within 90 days of the Petition Date that was applied to the amount of debt owed to Defendant.  Altamont received $10,000 shortly before issuing writs of garnishment against Mr. Wurdindger.  As with other unsecured creditors, Debtor intends that Defendants will receive payment in full in the Bankruptcy case.

26.     Issuance of injunctive relief will serve the public interest in that it will protect the integrity of the reorganization efforts.  This is in the best interest of all creditors.

27.     Debtor lacks an adequate remedy at law.  Mr. Wurdinger is an essential part of the reorganization efforts.  Hamilton and the Altamont Defendants are interfering with Mr. Wurdinger's ability to loan money and assets to the Debtor and to focus on the reorganization, which threatens Debtor's continued existence and chances for a successful reorganization.

WHEREFORE, Debtor respectfully requests relief as follows:

1.     Preliminary and permanent injunctive relief prohibiting Defendants from undertaking or pursuing any collection efforts against Dale Wurdinger pending confirmation of Debtor's Chapter 11 Plan of Reorganization;

2.     Preliminary and permanent injunctive relief prohibiting Defendants from filing a confession of judgment or any judgment against Debtor or Dale Wurdinger, pending confirmation of Debtor's Chapter 11 Plan of Reorganization;

3.     Preliminary and permanent injunctive relief staying Defendants' state court action, pending confirmation of Debtor's Chapter 11 Plan of Reorganization; and

/ / /

/ / /

/ / /

Page  6 – **COMPLAINT (Injunctive Relief)**

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon  97204
Telephone (503) 226-7321
Facsimile  (503) 243-2687
rays@mcewengisvold.com

4.     Such other and further relief as the Court deems just and proper.

DATED:  this 3rd day of July, 2013

McEWEN GISVOLD LLP


By:*/s/ Kim Sugawa-Fujinaga*
        Kim Sugawa-Fujinaga, OSB No.  054685
        Telephone:  (503) 226-7321
        E-mail: rays@mcewengisvold.com
        Of Attorneys for Debtor

Page  7 – **COMPLAINT (Injunctive Relief)**

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon  97204
Telephone (503) 226-7321
Facsimile  (503) 243-2687
rays@mcewengisvold.com

# United States Bankruptcy Court
## District of Oregon

In re **Wurdinger Holdings, Inc.**

Debtor(s)

Case No. **13-33225**

Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Wurdinger Holdings, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☒ None [*Check if applicable*]

**May 22, 2013**

Date

**/s/ James Ray Streinz**

**James Ray Streinz 794107**

Signature of Attorney or Litigant

Counsel for **Wurdinger Holdings, Inc.**

**McEwen Gisvold LLP**

**1100 SW 6th Avenue, Suite 1600**
**Portland, OR 97204**
**503-226-7321 Fax:503-243-2687**
**rays@mcewengisvold.com**

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy